UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOLLY ANTHONY GARY | CIVIL ACTION 1:17-CV-00865 |
| VERSUS | CHIEF JUDGE DRELL |
| GARY JONES, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## SUA SPONTE JURISDICTIONAL REVIEW ORDER

Pro se Plaintiff Dolly Anthony Gary ("Gary") filed a complaint against Defendants Christus St. Francis Cabrini Hospital ("Cabrini Hospital"), Gary Jones (a retired physician), and Wayne Watkins (a physician employed by Cabrini Hospital). Gary premises federal jurisdiction on a federal question under 28 U.S.C. § 1331.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. See Coury v. Prot, 85 F. 3d 244, 248 (5th Cir. 1996). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See Coury, 85 F.3d at 506-07.

There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. See Coury, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving jurisdiction exists. See Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775

(5th Cir. 1986). Therefore, Gary must show either: (1) her claim arises under federal law pursuant to 28 U.S.C. § 1331; or (2) there is diversity jurisdiction under 28 U.S.C. § 1332.

Gary alleges her claims arise under federal law. As the factual basis of her claim, Gary states only "lost voice after surgery." Medical malpractice claims do not arise under federal law. See Smith v. Faucheux, 194 F.3d 1308, *1 (5th Cir. 1999), cert. den., 528 U.S. 1156 (2000); Acosta v. Bleich, 2004 wl 1057570 at *2 (E.D. La. 2004). They are state law claims that, in Louisiana, arise under the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, et seq.

Moreover, diversity jurisdiction does not exist in this case. All parties are citizens of Louisiana. See 28 U.S.C. § 1332. Therefore, the basis for this Court's jurisdiction is not adequately alleged in the complaint. Accordingly,

IT IS ORDERED that Gary has **30 days** from the date of this order to amend her complaint to allege sufficient facts to show there is federal jurisdiction over her claims.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __1st__ day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge