UNITED STATES DISTRICT COURT                          b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOLLY ANTHONY GARY | CIVIL ACTION 1:17-CV-00865 |
| VERSUS | JUDGE DRELL |
| GARY JONES, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se plaintiff Dolly Anthony Gary ("Gary") filed a complaint against Defendants Gary Jones (a retired physician), and Wayne Watkins (a physician employed by Cabrini Hospital). On August 1, 2017, this Court ordered Gary to amend her complaint to allege sufficient facts to show there is federal jurisdiction over her clams. To date, Gary has not complied with that order. She has not shown either federal question jurisdiction or diversity of citizenship.

### I.     Law and Analysis

The District Court is a court of limited jurisdiction. Federal subject matter jurisdiction may arise under 28 U.S.C. § 1331 when the subject matter of the claim involves a "federal question," such as an action arising under the Constitution, laws or treatises of the United States. It may also arise under 28 U.S.C. § 1332, when the parties in a suit are citizens of different states. A case "arises under" federal law pursuant to Section 1331 when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on

resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983).

In this case, Gary appears to claim Defendants committed medical malpractice. As the factual basis of her claim, Gary states only "lost voice after surgery." Medical malpractice claims do not arise under federal law. See Smith v. Faucheux, 194 F.3d 1308, *1 (5th Cir. 1999), cert. den., 528 U.S. 1156 (2000); Acosta v. Bleich, 2004 wl 1057570 at *2 (E.D. La. 2004). They are state law claims that, in Louisiana, arise under the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, et seq. Gary has not claimed a civil rights violation or other cause of action under federal law.

This Court may have jurisdiction over a medical malpractice action if the parties are diverse. See 28 U.S.C. § 1332. However, Gary does not claim diversity of citizenship. From the information provided, it appears the parties are all citizens of Louisiana.

Therefore, Gary's action should be dismissed, sua sponte, without prejudice, for failure to comply with an order of this Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as interpreted by the Court, and under the Court's inherent power to control its own docket. Link v. Wabash Railroad Company, 370 U.S. 626, 630-33 (1962); Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1983).

II. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Gary's action be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. rule 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar

days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  5th  day of October, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge